**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HERNANDO COLE**                                    **CIVIL ACTION**

**v.**                                               **NO: 25-0478**

**UNITED STATES OF AMERICA,**                        **SECTION: C (4)**
**ET AL.**

**ORDER AND REASONS**

Before the court is <u>The United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction</u> filed December 3, 2025 (R. Doc. 25).   The motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff sued the United States of America, Officer Kramer, Unidentified Parties, and the Department of Homeland Security pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671–80, arising out of a stop and detention.[1] Plaintiff alleges he was stopped in New Orleans after running a red light.[2]  When asked what country he was from, plaintiff drove away.[3]  The law enforcement officer followed and pulled him over again.[4]  After  producing his license and registration,[5]

---

[1] R. Doc. 19 at 2.
[2] *Id.* at 9.
[3] *Id.* at 9–10.
[4] *Id.* at 10.
[5] *Id.*

1

plaintiff was placed "under arrest for being an illegal immigrant and working on an expired work visa."[6]  He was handcuffed and placed in the back of his own vehicle.[7] After another vehicle arrived, the decision was made to release plaintiff, "but only after putting him through the humiliation of sitting on the sidewalk and having people walking past him looking at [plaintiff] as if he were a criminal."[8]  Plaintiff claims he suffered "embarrassment and a traumatic experience."[9]

The United States moves to dismiss the amended complaint arguing the government's waiver of sovereign immunity under the FTCA requires plaintiff to first present an administrative claim to the Department of Homeland Security (DHS).[10]  Having failed to submit the administrative claim, the United States contends plaintiff has failed to exhaust his administrative remedies.[11]  For the remaining claims, the United States argues it has not waived sovereign immunity.[12] Thus, the United States argues the court lacks subject matter jurisdiction over these claims.[13]

## II.    ANALYSIS

---

[6] *Id.*
[7] *Id.*
[8] *Id*.
[9] *Id.*
[10] R. Doc. 25-1 at 1.
[11] *Id.*
[12] *Id.*
[13] *Id.*

Pursuant to Federal Rules of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1999) (citation omitted).  The party asserting jurisdiction has the burden of proof.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court may dismiss an action for lack of subject matter jurisdiction upon any one of the following: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (citation omitted).

"When subject matter jurisdiction is challenged, the [c]ourt first considers whether the defendant has made a 'facial' or a 'factual' attack upon the complaint." *Magee v. Winn-Dixie Stores, Inc.*, No. 17-cv-8063, 2018 WL 501525, at \*2 (E.D. La. Jan. 22, 2018) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).  For a "factual" attack, "the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson*, 644 F.2d at 523.  Plaintiff is then required "to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id*.  For a "facial" attack, the court only look[s] "to the sufficiency of

the allegations in the complaint," which are presumed true.  *Magee*, 2018 WL 501525, at *2 (citing *Paterson*, 644 F.3d at 523).

"The FTCA creates a statutory cause of action against the United States for torts committed by federal officials within the scope of their employment." *Saunders v. Bush*, 15 F.3d 64, 66 (5th Cir. 1994).  Under the FTCA, no action for damages can be made until the claim is first presented to the appropriate federal agency and is either denied in writing or is left undecided for six months.  *Hinojosa v. U.S. Bureau of Prisons*, 506 F.App'x 280, 282 (5th Cir. 2013) (citing 28 U.S.C. § 2675(a)).  "The requirement is jurisdictional and cannot be waived."  *Baker v. McHugh*, 672 F.App'x 357, 362 (5th Cir. 2016) (citing *Employees Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979).  The claimant bears the burden of establishing administrative presentment, which is "strictly construed in favor of the United States."  *Carver v. 152-156 Caroline Avenue, LLC*, No. 24-cv-0991, 2025 WL 27308, at *3 (E.D. La. Jan 3, 2025) (citing *Barber v. United States*, 642 F.App'x 411, 413 (5th Cir. 2016).

Here, the United States submitted evidence to support its motion, so the motion is considered a "factual" attack.  In response, plaintiff submitted a copy of his complaint to DHS, DHS's response letter, and plaintiff's response letter.[14]  DHS's response letter stated:

---

[14] R. Docs. 28-2, 28-3, and 28-4.

Please be advised that our complaint process does not provide individuals with legal rights or remedies. Accordingly, [the U.S. Department of Homeland Security (DHS) Office for Civil Rights and Civil Liberties] is not able to obtain any legal remedies or damages on your behalf. Instead, we use complaints like yours to find and address problems in DHS policy and its implementation. If you believe your rights have been violated, you may wish to consult an attorney. There may be time limitations that govern how quickly you need to act to protect your interests.[15]

In *Progressive County Mutual Insurance Co. v. US Customs & Border Prot.*, No. EP-22-cv-468-KC, 2023 WL 9105545, at *6 (W.D. Tex. Nov. 17, 2023), the court concluded that an "email [which] plainly did not state a sum certain nor provide information from which a sum certain could be determined" did not satisfy the FTCA's administrative exhaustion requirements.  In *Ades v. United States*, No. 4:20-cv-0089-RWS-CAN, 2020 WL 8832502, at *4 (E.D. Tex. Dec. 16, 2020), the court found that because the purported notice "does not mention or allude to any claim under the FTCA and more importantly does not request monetary damages or state a sum certain Plaintiff is seeking to recover from the United States … Plaintiff [] failed to exhaust administrative remedies….".

Plaintiff's submissions to the DHS neither refer to the FTCA nor contain a sum certain to recover. The DHS response informed plaintiff his complaint was not considered a request for legal remedies or damages. Without a writing to DHS referring to a FTCA claim and stating a sum certain to recover, plaintiff did not

---

[15] R. Doc. 28-3 at 1.

exhaust his administrative remedies.  Thus, this court lacks subject-matter jurisdiction.  Plaintiff's FTCA claims against the United States are dismissed, without prejudice.[16]

## III.  CONCLUSION

**IT IS ORDERED** that defendant <u>The United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction</u> (R. Doc. 25) is **GRANTED**.  Plaintiff's claims against the United States are DISMISSED, WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that on or before **August 20, 2026**, plaintiff is instructed to file proof of service, or show good cause, in writing, why service of process has not been effected on the remaining defendants.  Failure to comply with this order may result in the dismissal of this case in its entirety.

New Orleans, Louisiana this 6th day of August 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

---

[16] The FTCA waives sovereign immunity of the United States for certain torts committed by federal employees. *F.D.I.C. v. Meyer, 510 U.S.* 471, 475 (1994). With respect to plaintiff's remaining claims against the United States, the court finds the United States has not waived sovereign immunity.